[Civ. No. 1707.   Third Appellate District.—October 16, 1917.]

YOLO WATER AND POWER COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—STATUS OF APPLICANT—FINDING OF COMMISSION.—An award of the Industrial Accident Commission must be sustained if there be any evidence to support its finding that the applicant for compensation was an employee at the time of the accident.

ID.—FOREMAN OF WATER COMPANY—AUTHORITY TO HIRE MEN AND TEAMS—DRIVER OF FOREMAN'S OWN TEAM—RELATIONSHIP OF PARTIES.—A foreman of a water and power company employed at a *per diem* wage, with full authority to hire men and teams to assist him in his employer's work, is not, in a case where he furnishes his own team and hires a driver therefor, to be considered as an employer with reference to such driver, the latter receiving his wages from the company and the foreman being paid only for his team.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Third Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Arthur C. Huston, and Theodore A. Bell, for Petitioner.

Christopher M. Bradley, Warren H. Pillsbury, and A. C. Murray, for Respondents.

BURNETT, J.—This case comes up on *certiorari* to review the finding of the Industrial Accident Commission to the effect that Pietro Supparto, at the time of his injury, was an employee of the petitioner. Petitioner claims that the evidence shows solely that Supparto was an employee of Wallace, and therefore the commission acted beyond its jurisdiction in awarding Supparto compensation against petitioner. If there be any evidence to support the finding of the commission its award must be sustained. (*Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807, [159 Pac. 721].)

W. C. Wallace was petitioner's foreman, employed at a wage of $5 a day. He had full authority to hire whomever he pleased to assist him in the company's work. It is admitted that men so employed were employees of the company, and were so recorded on the company's books, receiving $2.25 per day. But when a team and a man were hired a lump sum of $4.50 was paid, and the man's labor was not segregated upon the company's books, but it appears that the man always received $2.25 and $2.25 went for the team.

Very often Wallace furnished his own team, among others, used by the company, and sometimes employed one of the men on his own ranch to drive it. Wallace directed the performance of the work as foreman, and as far as indicated by the record, directed drivers to exactly the same extent as he did the undoubted employees working under him for petitioner. Supparto had always dealt with Wallace as foreman, had worked for petitioner under him innumerable times as a laborer, and had always been paid by check by petitioner directly, with the exception that upon one occasion a few days before his accident he had worked as a driver, for which he had not been paid at the time of his injury. On the day of the accident Supparto had applied as usual to Wallace for work, and Wallace had told him he could use him on the Central Canal. Thereupon Wallace, with Supparto, drove to the canal, and proceeded to unload hay, when the injury

occurred. Under these circumstances petitioner claims that the facts come squarely within the case of *Western Indemnity Co.* v. *Pillsbury, supra,* and that Supparto was an employee of Wallace, with whom the corporation contracted, so it is claimed, to furnish teams. The position of petitioner is that when Wallace employed a man merely, he was an employee, that when a team was furnished separately (as Wallace testified was done on at least one occasion) the driver was an employee, but when Wallace obtained a team and man together, then he stood in the position of a contractor to furnish teams for their work, though he still continued also in the capacity of foreman. The contention of petitioner seems to us very technical and unsubstantial.

There is abundant evidence to support the award, and the Western Indemnity case is clearly distinguishable. Supparto testifies that he intended to work as usual as an employee of the company and not of Wallace on the day of his injury, and Wallace in his verified answer and testimony declares that he intended to engage Supparto as an employee of the company. Wallace made no profit on Supparto's services as driver. Supparto was paid $2.25 per day for driving, which was petitioner's regular rate of pay for workmen, and Wallace retained $2.25 a day for his team.

In the Western Indemnity Company case it clearly appears that Stevens was engaged in a permanent business of "Teaming and Grading," and contracted to furnish teams and drivers for the work. In the present case Wallace was not by trade a contracting teamster, and the evidence is too vague and indefinite to warrant a finding that Wallace had contracted to furnish teams. The evidence as a whole indicates rather that Wallace regarded himself as foreman, and in that capacity employed men and teams. Wallace could not have sued petitioner for breach of contract for failing to accept teams tendered by him, nor could petitioner have sued Wallace for failure to furnish teams, because of this indefiniteness. Stevens did not act as foreman for Tittle, hiring and discharging his men, as did Wallace here, but worked under the foreman of the general contractor. Had Stevens been discharged, his teams must necessarily have been ruled off the work with him. But for aught that appears here, Wallace could have been discharged and yet the teams secured by him retained. There are other points upon which the cases

can be distinguished, but the above are sufficient to deprive the case cited of the force claimed for it by petitioner.

To recapitulate: The evidence shows that Wallace was authorized to employ laborers for petitioner, and acting under that authority and as the agent for the corporation, he did employ the applicant to do work for said petitioner, and while so engaged as such employee in the very work for which he was employed said applicant was injured. Not only would we be entirely unwarranted in annulling the award, but it should be said that under the evidence the commission could not have reached a different conclusion.

The award is affirmed.

Chipman, P. J., and Hart, J., concurred.