Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PHILIP J. BENJAMIN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ROSENBERG BROTHERS, Alleged Employer, and UNITED STATES CASUALTY COMPANY, Alleged Insurance Carrier, Appellant.

Third Department, November 28, 1917.

**Workmen's Compensation Law — review by Appellate Division of findings of Commission — credibility of witnesses — establishment of relation of employer and employee.**

Under section 20 of the Workmen's Compensation Law, the Appellate Division cannot review the determination of the State Industrial Commission on a finding of fact, if there is evidence to sustain it, although the court believes the testimony to be untrue. The credibility of the witnesses is a question of fact and rests with the Commission.

Finding of the Commission that the claimant was an "employee" affirmed, although the evidence, in the judgment of the court, supporting said finding is not convincing.

WOODWARD and SEWELL, JJ., dissented, with opinion.

APPEAL by the defendant, United States Casualty Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 13th day of March, 1917.

*William H. Hotchkiss,* for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel] and *Robert W. Bonynge,* counsel to State Industrial Commission, for the respondents.

KELLOGG, P. J.:

The Commission has found that the claimant was an employee of Rosenberg Brothers and the testimony, if believed, clearly shows that such was the fact. In my judgment the evidence is not convincing; the transaction is suspicious. It seems that the claimant and his witnesses were trying to swear a liability upon the insurance company when none in fact existed, and if this were a case where we could review the facts I would vote to reverse the award. The Commission saw the witnesses and we have not seen them. The mandate of the law that we cannot review the determination of the Commission on a finding of fact, if there is evidence to sustain it, precludes a further consideration of the case. The only question involved in the case is the credibility of the witnesses. The words of their evidence fully comply with the law and cover the situation. The credibility of a witness is a question of fact and rests with the trior of the facts, and we cannot reverse the award because we believe the testimony is untrue. Under the restraint of section 20 of the Workmen's Compensation Law I favor an affirmance.

All concurred, except WOODWARD, J., dissenting in opinion, in which SEWELL, J., concurred.

WOODWARD, J. (dissenting):

An award has been made to the claimant, Philip J. Benjamin, for injuries received on June 19, 1916, and the questions presented upon this appeal relate to the underlying problem of whether the claimant was an employee of the firm of Rosenberg Brothers, who were insured by the United States Casualty Company, which latter company contests the liability. It is claimed on the part of the insurance company that the evidence does not disclose that the claimant was an employee of Rosenberg Brothers, and the questions which it presents upon this appeal are (1) whether when the evidence as to the relation of master and servant between a claimant and a carrier's insured is both uncertain on the oral testimony and impeached by business records and the conduct of the parties, an award made by the State Industrial Commission on such evidence, coupled with a ruling that the claim comes within the Workmen's Compensation Law,

should be allowed to stand; and (2) whether a finding that a claimant is an employee. of a carrier's insured is one of fact precluding an appeal by the carrier to this court.

The Workmen's Compensation Law was concededly designed to regulate the relations of employer and employee; it was to take the place of the common-law rules in respect to the relations of master and servant, and proceeds upon the theory that the primary relation exists. In other words, until the fact of the relation of employer and employee is established, the statute has no operation whatever; it does not assume to deal with any other relation in life. Section 2 provides that the compensation " shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments," and section 3 defines "employee" as meaning " a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises," etc., and an "employer" is " a person * * * employing workmen in hazardous employments," while "employment" " includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], §§ 2, 3, as amd. by Laws of 1916, chap. 622.) There must be an employer and an employee; there must be a contract relation existing, and then whatever occurs is regulated by the Workmen's Compensation Law, in so far as the compensation for injuries is concerned. We do not, however, find any provision of the act which permits the Commission to presume that this relation exists, or which permits a finding of such relation without competent evidence to support the finding. The provision of section 21 of the act that " In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary 1. That the claim comes within the provisions of this chapter; 2. That sufficient notice thereof was given," does not meet the requirement. That relates only to the claim, and there can be no legal claim upon the insured or his carrier unless the relation of employer and employee existed at the time of the accident; that is a condition precedent to any

right to make a claim which is presumed to be within the requirements of the statute. That is a jurisdictional fact upon which the power of the Commission to act at all depends, and while it is not to be doubted that the Commission has the power primarily to determine that question, we think it may not be determined as a conclusion of fact, but must depend upon findings of fact which support the conclusion of law that the relation exists. When it is once shown that the relation of master and servant exists, it may be presumed that the accident happened in the course of the employment, and that the employment was of the hazardous character defined in the act, and that the claim " comes within the provisions of this chapter." But whether the relation exists is a mixed question of fact and law; it is a conclusion of law growing out of the established facts, and this conclusion of law is one which may be reviewed by this court.

It is not every award or decision of the Commission which is made final and conclusive upon all questions, but only those which are " within its jurisdiction " (§ 23, as amd. by Laws of 1916, chap. 622), and no question is within the jurisdiction of the Commission until it is determined, upon competent evidence, that the relation of employer and employee exists — until it is shown that there is a contract of employment. These facts, upon which the operation of the statute depends, should be found by the Commission, not as a process of reasoning satisfactory to the Commission, but as fixed and definite facts upon which a conclusion of law may properly rest. Whatever of laxness may be permitted in the matter of determining the claim and the rights of the claimant, we think it should be held upon the jurisdictional question of an existing contract of employment, that the Commission should find the facts from which the court may properly determine that the relation exists, and these facts should find some reasonable support in the evidence, for the contract between the insurance carrier and the insured is based upon the existence of the relation of employer and employee, and the insurance carrier should be entitled to competent evidence to show that the case is brought within the provisions of its contract.

Tried by this standard, we think the conclusions of fact

Third Department, November, 1917. [Vol. 180.

made by the Commission fail to show that the relation of master and servant existed between Philip J. Benjamin and Rosenberg Brothers at the time of this accident. We do not find any evidence that the firm of Rosenberg Brothers employed a salesman, Philip Rosenberg, a brother of the members of the firm. The only fair inference from the evidence is that Philip Rosenberg took goods from his brothers' firm and peddled them about the country, and that whatever profit he made upon the goods belonged to him, while he was credited with the goods which he returned. The fact that Philip Rosenberg kept an expense account, and that he was reimbursed the amount of his expenses, if this was a fact, does not show that he was an employee or agent of Rosenberg Brothers in the hiring of the claimant; it is merely an unexplained detail of the arrangement between Philip Rosenberg and his brothers, who merely sold goods to him and permitted him to make a profit upon the same over and above the cost of the goods, plus the alleged expenses of Philip Rosenberg. The Commission, in its conclusions of fact, tells us, not that Rosenberg Brothers entered into a contract of hiring with Benjamin, but that prior to a given date " it was suggested by the firm to Philip Rosenberg that he could probably sell more goods if he had some one to work with him, and Philip Benjamin was told by the firm to see Philip Rosenberg and if possible to come to some arrangement for working with him. Philip Rosenberg thereupon met Benjamin and agreed to take him on his route and pay him twenty-five dollars per week and expenses. This arrangement was to be tried out for a couple of weeks, and then, if satisfactory, to be continued. The expense of the salary and traveling expense of Benjamin was in turn charged by Philip Rosenberg against Rosenberg Brothers and allowed by them in the same manner as other expenses. The contract of employment herein was made in the State of New York." But there is no finding that the contract of employment was made within the State of New York by Rosenberg Brothers. On the contrary, it appears that the contract was made by Philip Rosenberg, not at the command of the firm, but at its suggestion. Rosenberg Brothers did not assume to say to Philip Rosenberg that he must employ Benjamin; they merely suggested to each of the parties

that it might be an advantageous arrangement, and left it with them to determine whether the suggestion should be carried out. It was Philip Rosenberg who determined whether he would employ Benjamin and the amount of his compensation, and the fact, if it be a fact, that he subsequently received reimbursement for this additional expense from Rosenberg Brothers, did not make a contract of employment with that firm, which does not appear to have had any control over the employment, its terms, or its duration. In other words, Philip Rosenberg was the only man who appears to have had any power to employ or discharge Benjamin; he was the only one who appears to have had anything to do with the determination of these matters, or with the amount of the compensation, and in the absence of any evidence to show that he acted as the agent of Rosenberg Brothers in the employment of Benjamin we are unable to discover any ground for holding the insurance carrier for injuries sustained by Benjamin while in the employ of Philip Rosenberg. There were several members of the firm of Rosenberg Brothers; they appear to have known Benjamin. They had an opportunity to employ him if they saw fit, but they contented themselves merely with advising Benjamin to see Philip Rosenberg and to make an arrangement with him if possible, and the latter appears to have entered into a contract of employment with Benjamin. The insurance carrier never contracted to become responsible for injuries to the employees of Philip Rosenberg, and its liabilities should not be increased by any strained construction of the statute, nor by any mere sophistical reasoning. If Rosenberg Brothers actually employed Benjamin the proof ought easily to be made to appear, as they seem anxious to relieve Philip Rosenberg from his liability for the injuries sustained by Benjamin. A jurisdictional fact of this importance, going to the very essence of the contract between Rosenberg Brothers and the insurance carrier, ought not to rest on mere conjecture; the conclusion of fact should be based upon definitely established facts, and these the Commission has failed to display in its record.

Without going into an analysis of the evidence, it is enough for the purposes of this appeal that the Commission has not attempted to find the facts which the courts have repeatedly

held to be essential to the establishing of a contract of hiring. It has nowhere found that the contract of employment was made by and between Rosenberg Brothers and Philip J. Benjamin, or that Rosenberg Brothers had any control over the hiring or discharging of this man, or the amount of his compensation or the duration of his employment. These all appear to have been under the control of Philip Rosenberg, who is not shown to have been the agent of Rosenberg Brothers for this or any other purpose.

When the Commission has been able to discover in the evidence grounds for finding these essential facts, and has found them, it will be time enough to inquire whether the evidence supports such findings. In the meantime we are of the opinion that the award should be reversed, and the matter returned to the Commission for such further action as it may deem proper in the premises, consistently with this opinion.

SEWELL, J., concurred.

Award affirmed.