(No. 14350.—Reversed and remanded.)

JOHN J. FISCHER, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(MARY HUNTER, Admx. Defendant in Error.)

*Opinion filed February 22, 1922.*

1. NEGLIGENCE—*general rule as to liability of agent who manages real estate.* As a general rule, the liability of an agent for negligence, who manages and rents real estate, is governed by the common law requirement that one must so act with reference to that which he controls as not to injure another.

2. WORKMEN'S COMPENSATION—*what does not prove that agent is an independent contractor.* An agent having charge of a building is not proved to be an independent contractor in its management by the mere fact that the principal does not exercise direct supervision over him.

3. SAME—*whether party is an independent contractor depends on the facts in the case.* There is no rule by which the status of men working and contracting together can be definitely defined in all cases as employees or independent contractors but each case must depend on its own facts.

4. SAME—*when agent managing building is not liable for compensation for fatal injury to janitor.* An agent selected by the mortgagee to manage an apartment building for the owner on a commission basis and who is subject to discharge at any time by the mortgagee is not liable as an employer or as an independent contractor, under the Compensation act, for the accidental death of a janitor whom he hired, with the owner's approval, to take care of the building. (*Storrs* v. *Industrial Com.* 285 Ill. 595, distinguished.)

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JASPER M. DRESSER, (JOHN LYLE VETTE, of counsel,) for plaintiff in error.

LANDON & HOLT, (JOHN B. FRUCHTL, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Augustus Robert Hunter, a married man forty-eight years old, having a wife and one child, was in his lifetime the janitor of an apartment building owned by Hope Thompson. On April 8, 1919, while engaged in putting in screens on the second floor of the building from a ladder on the outside of the building he fell to the cement sidewalk because of the slipping or sliding of the ladder and died the following night without regaining consciousness. An application was made by his estate for recovery before the Industrial Commission. In this application Thompson and John J. Fischer were stated to be the names of the employers. Afterward another application for adjustment of claim was filed, stating that Hunter received the injury while in the employ of Thompson, Fischer, William R. Stirling, Augustus S. Peabody, Alexander Smith, James L. Houghteling, Jr., Burton Thomas and E. M. Mills. The last of the above named respondents received notice of the filing of claim July 13, 1919, and were notified of the time of the hearing. During the course of the hearing before the arbitrator, on motion of the applicant, Stirling, Smith, Houghteling, Thomas and Mills, and the co-partnership of Peabody, Houghteling & Co., were dismissed from the proceeding. On the same day Peabody, Houghteling & Co., the corporation, was made a party. On July 2, 1919, the arbitrator made an award, apparently against Thompson, Fischer, Peabody, and Peabody, Houghteling & Co., the corporation. From this decision of the arbitrator, on appeal for review before the Industrial Commission, Peabody, Houghteling & Co. was dismissed from the proceedings, and the commission found that Peabody was not a party to the cause, was never served with notice and never appeared to defend, and he was dismissed from the case for that reason, as the record shows. The commission found Thompson was not liable; that the relation of employer and em-

ployee did not exist between him and Hunter nor between Hunter and Fischer, but that Fischer was acting as agent for a principal who was not made a party to the case. The circuit court, to which the case was taken for review, found that the relationship of employer and employee did exist between Hunter and Fischer and remanded the case to the Industrial Commission. Further evidence was taken, and the Industrial Commission found that Hunter and Fischer were under the Workmen's Compensation act, and that the employee sustained injuries arising out of and in the course of the employment with Fischer, as the employer. This last decision of the Industrial Commission was affirmed on review by the circuit court, and from that finding this writ of error has been sued out.

The facts in this case as to the ownership and conduct of the property and the accident are not seriously disputed, and the question argued here by the parties is whether or not the relationship of Fischer and the deceased was such as to render him liable for the accident under the Workmen's Compensation act. A special appearance was filed on behalf of plaintiff in error before the Industrial Commission, and it was urged there, as it has been since in all the proceedings, that Fischer was not an employer within the meaning of the Workmen's Compensation act so as to render him liable under that act.

The apartment building seems to have been commenced in 1915, or prior thereto, and completed in 1916. In June, 1915, John D. Farrell, who was then the holder of the legal title of record, and his wife, executed a trust deed upon the property to secure an issue of bonds which Peabody, Houghteling & Co. purchased from them to sell to the public, and for the purpose of further securing this issue of bonds Farrell and his wife in November, 1915, executed an instrument of assignment to Augustus S. Peabody (Peabody holding the legal title as trustee) for the benefit of the holders and owners of the bonds for an indebtedness of

about $140,000, turning over all the rents and profits from the building, and providing in the same for the appointment of Peabody, Houghteling & Co. as exclusive agent, or any agent it may select, to rent the premises and collect the rents. It authorized the payment of expenses in connection with the care and management of the premises; set out in detail the authority granted to Peabody, Houghteling & Co. or its agent for the renting of the premises, the collection of the rents and the care and management of the building as Peabody, Houghteling & Co. might deem proper and advisable; provided for the payment of two and one-half per cent of all sums collected for renting the premises, and how the sums collected, above the amount used for the carrying on and repair of the building, should be paid over to John D. Farrell at stated times. Plaintiff in error, Fischer, had theretofore been employed in the office of Peabody, Houghteling & Co. but previous to the transactions with reference to this apartment building had quit the exclusive employment of said company and had gone into the real estate, renting and insurance business for himself in a separate office. Some of the business that he theretofore managed while employed by Peabody, Houghteling & Co. was turned over to him after he left its employ, to conduct for it under certain conditions. In November, 1915, shortly after Farrell and wife had assigned this property to Peabody as trustee, (as a matter of fact for Peabody, Houghteling & Co.,) the company wrote the following letter to Fischer: "Until further notice you will act as our agent under a certain assignment of rents made by John D. Farrell to Mr. A. S. Peabody on November 8, 1915, a copy of which is attached herewith. You will put into immediate effect all the provisions of this assignment, with the following exception: You will remit to us on the first of each month all the proceeds above the necessary expenses and two and one-half per cent commission mentioned in this as-

signment, which you will retain for your services." Fischer acted under this authority in the management and control of the apartment building even previous to the time all the building was put in a rentable condition; he made ordinary disbursements, such as for decorating, etc., on his own responsibility, and when any of the building was in shape to rent he rented the same and turned over the rent to Peabody, Houghteling & Co., as provided in the letter just quoted. Not long after Fischer began acting as the agent of Peabody, Houghteling & Co., but before the accident in question, Hope Thompson, a lawyer of Chicago, purchased the equity in the apartment building. Although he entered into no agreement with Thompson as to the management and control of the building, Fischer continued to act as agent, apparently with the approval of Thompson, as he had previously acted for Peabody, Houghteling & Co., signing some of the leases thereafter made in the name of Thompson and paying salaries to janitors from the rent. The testimony, however, shows that when he was first seen by the deceased, Hunter, as to employment as janitor of the building, Fischer referred the matter to Thompson. The evidence shows that about April 27, 1916, Hunter called on Fischer with reference to being employed as a janitor for the apartment building and submitted references; that Fischer tried to get Thompson by telephone to submit the proposition to him but was unable to reach him; that he then mailed Hunter's application, with the letters of recommendation, to Thompson, and in reply Thompson called Fischer on the telephone and said that the references were all right and to go ahead and engage Hunter as janitor. Fischer then wrote Hunter to that effect on May 2, 1916, and Hunter was then employed to work as janitor.

The evidence in the record tends to show that Peabody, Houghteling & Co. turned over to Fischer, when he quit their employment as a clerk in their office, without any specific business arrangement, matters pertaining to real estate

301—40

brokerage and other matters that the company asked him to conduct for it, and the only arrangement between Fischer and the company is shown by the letter heretofore quoted. Peabody testified on the trial that he had the power to discharge Fischer as agent if he desired or deemed it necessary to do so, at any time. Peabody, Houghteling & Co., up to within two years previous to the time of the hearing, had been a co-partnership but shortly thereafter had changed to a corporation, and it was doing business as a corporation at the time of the arrangement with reference to the apartment building. It acted as a corporation in its business, which was dealing in bonds and investment securities. Fischer testified that when he determined or was instructed to make repairs on buildings as to which he was acting as agent for Peabody, Houghteling & Co., he would get an estimate and let the contract, usually to the lowest bidder, for necessary plumbing repairs, minor carpenter repairs, decorating, repairs to roofs, and had general superintendence of the buildings; that for minor repairs he did not always consult the owners; that in engaging janitors he submitted their references to the owner for approval; that he did not have unlimited authority to repair the buildings. He testified further that about seventy-five to eighty per cent of his business on an income basis was from the sales of real estate and from ten to fifteen per cent from the renting business; that he handled from sixty to seventy buildings, and when there was a small repair on a building he paid for it out of the rentals and charged it to the account of the owner of the building; that he did the same when he was acting for Peabody, Houghteling & Co. with reference to the apartment building here in question, and did the same with reference to rentals and minor repairs after Thompson became the owner of the building. The leases he used for tenants in the building after it was owned by Thompson were on printed forms, on which Fischer's name was printed as the person to whom the rent should be paid.

The assignment from the original owner of the building to Peabody, Houghteling & Co. contains provisions with reference to the renting of the building, but there is no limitation found in such assignment upon the agent's discretion as to the parties to whom leases should be made, and the care and management of the premises were to be such as the agent deemed proper and advisable, and that rule seemed also to apply to paying for repairs. This authority as to the care and management of the building seems to have been informally passed by Peabody, Houghteling & Co. to Fischer when he took over the management of this apartment building, with the understanding that he was to retain out of the rents the necessary expenses connected with the care and management of the building and a two and one-half per cent commission for his services, and we can reach no other conclusion than that Fischer, after Thompson took the title to this apartment building, conducted the management and control of the building, as to leasing and paying the expenses, in the same manner as he had conducted the same for Farrell, through Peabody, Houghteling & Co.

The final order of the Industrial Commission, which was concurred in by the order of the circuit court, was substantially to the effect that plaintiff in error, Fischer, was the only one liable under the Workmen's Compensation act for the accident, and it would appear from the record that Fischer was held on the ground that he was acting as employer in the management, control and conduct of the apartment building at the time of the accident, and this holding appears to have been based partly, if not mainly, upon the ruling of this court in *Storrs* v. *Industrial Com.* 285 Ill. 595. The evidence in that case showed that the buildings which it was alleged Storrs maintained were buildings which he himself owned, and that his sole occupation was maintaining, repairing and leasing such buildings. We think the facts in that case as to Storrs' connection with the build-

ings which were maintained and controlled by him were very different from the facts in this case, considering the extent of Fischer's powers as to the management, leasing and control of the apartment building. If Fischer is liable under the Workmen's Compensation act for this accident, it must be upon a principle somewhat similar to that involved in holding an independent contractor liable under the Workmen's Compensation act because a person whom he employed had been injured while in his employ.

Counsel for defendant in error argue that plaintiff in error is liable under the reasoning of this court in *Baird* v. *Shipman,* 132 Ill. 16, where the agent was held liable for an injury happening in a building of the leasing and management of which the agent had charge and control. In that case the agent was not held liable as an employer under the Workmen's Compensation act but because of the common law requirement that one must so act with that which he controls as not to injure another; and that seems to be the general rule as to the liability of an agent in renting real estate. (See *Cramblitt* v. *Percival-Porter Co.* L. R. A. (1917C) 77, and authorities cited in note on p. 83; also to the same effect, *Tippecanoe Loan and Trust Co.* v. *Jester,* L. R. A. (1915E) 721.) If the plaintiff in error is liable here, the liability must rest not on the ground of negligence on his part but because of the contractual relation that existed between him and the owner in the management and control of the building, he paying for repairs and employing the workmen, including the janitor. The mere fact that an employer does not exercise direct supervision over the agent or employee does not prove that the employee or agent is an independent contractor. (Harper on Workmen's Compensation,—2d ed.—sec. 105.) It is recognized that the degree of control retained and exercised by the person for whom the work is being done is one of the principal tests in determining whether a person is an employee or an independent contractor. (*Decatur Railway Co.* v.

*Industrial Board,* 276 Ill. 472.)  But the nature of one's duties or the character of his work may be such that much or little supervision may be necessary, so that the degree of actual supervision is not a sure test whether one is an employee or an independent contractor.  (*Franklin Coal Co.* v. *Industrial Com.* 296 Ill. 329.)  In *Bristol & Gale Co.* v. *Industrial Com.* 292 Ill. 16, it was said that it is impossible to lay down a rule by which the status of men working and contracting together can be definitely defined in all cases as employees or independent contractors; that each case must depend on its own facts, and ordinarily no one feature of the relation is determinative but all must be considered together.  It is clear from this record that as to many of the minor details there was little necessity for interference with or supervision of the agent or manager of the apartment building, but it is clear, also, that he recognized his limited authority as agent, as is shown by the course he took with reference to the employment of the deceased.

In our judgment it is manifest from this record that neither Fischer nor the owner of the building understood that Fischer was acting in an independent capacity, in the sense that an independent contractor would act under the Workmen's Compensation act, when he employed the deceased to do the janitor work in the apartment building. We do not think it can be held that under the Workmen's Compensation act, on the facts shown in this record, Fischer was acting as the employer of Hunter at the time of the accident.  The following authorities tend to uphold this conclusion:  Bradbury on Workmen's Compensation Law,— 3d ed.—136; *Ship Victoria* v. *Barlow,* 5 B. W. C. C. 570; *Yolo Water and Power Co.* v. *Industrial Accident Com.* 35 Cal. App. 14; *Pace* v. *Appanoose County,* 17 Neg. & Comp. Cas. Ann. (Ia.) 682, and cases cited in note.  It is obvious that under his letter of appointment Fischer could have been discharged at any time by Peabody, Houghtel-

ing & Co. from his management and control of the apartment building, and on this record it necessarily follows that his authority after the new owner purchased the apartment building must have been under the same conditions as before as to the management and control of the building. Under his relation with Thompson it seems impossible to hold Fischer as an employer or as an independent contractor in the management and control of said building so as to render him liable for the death of Hunter.

The judgment of the circuit court will be reversed and the cause remanded to that court, with directions to set aside the order of the Industrial Commission, and for such other proceedings as may be requested by either party under the Workmen's Compensation act.

*Reversed and remanded, with directions.*